An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO M.J.M.H., AND J.M.K.H., MINORS,

AUTUMN H.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES,
Respondent.

No. 66714

**FILED**

OCT 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights as to the two minor children. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

The oldest child was removed from appellant's care as a result of child abuse allegations. Because appellant had a history of drug use and the oldest child was born exposed to methamphetamine, appellant was required to submit to random drug testing and complete substance abuse treatment as well as complete classes addressing physical abuse. The youngest child was born while the oldest child was already in protective custody, and thus, the youngest child was also placed in protective custody. Appellant failed to consistently submit to random drug tests and had at least one positive drug test and one test that indicated she may have attempted to dilute the urine to avoid a positive result. During the times that appellant failed to submit to random drug tests, she also failed to consistently visit with the children. The district court terminated appellant's parental rights concluding that it was in the

15-31616

children's best interests and that respondent had established appellant's parental fault because she had failed to adjust the circumstances that led to the removal of the children and she had neglected the children as her drug use rendered her unable to consistently provide care for them. This appeal followed.

Having considered appellant's arguments and the record on appeal, we conclude that substantial evidence supports the district court's order granting the petition to terminate appellant's parental rights. *See In re Parental Rights as to A.J.G.*, 122 Nev. 1418, 1423, 148 P.3d 759, 763 (2006) (explaining that this court will uphold a termination order if the district court's factual findings are supported by substantial evidence). Substantial evidence supports the district court's finding that the children's best interests will be served by terminating appellant's parental rights. *Id.*; NRS 128.105(1) (1999) (amended 2015). Appellant failed to rebut the presumption in NRS 128.109(2) (1999) (amended 2015) that termination is in the oldest child's best interest as he had resided outside of her care for 14 of 20 consecutive months at the time of trial. Further, substantial evidence supports the district court's finding that both children are bonded with their foster family, who are interested in adopting them, and that appellant is not strongly bonded with the children as she failed to consistently visit them and she would only ask her caseworker about an older child who was removed from her care but is not the subject of this case, instead of asking about these children. NRS 128.105(1) (1999) (amended 2015).

Substantial evidence also supports the district court's findings of parental fault. *A.J.G.*, 122 Nev. at 1423, 148 P.3d at 763; NRS 128.105(2)(b), (d) (1999) (amended 2015) (providing that parental fault is

established when the parent neglects the child or the parent has failed to adjust the circumstances leading to the child's removal). While appellant did complete her physical abuse classes, substantial evidence supports the district court's conclusion that appellant did not demonstrate that she would not abuse the children in the future as she attempted to minimize the physical abuse. Further, her failure to complete her substance abuse treatment and consistently submit to random drug testing also supports the district court's finding that she failed to adjust the circumstances that led to the children's removal. NRS 128.0126; *A.J.G.*, 122 Nev. at 1423, 148 P.3d at 763. Additionally, because of her failure to address her drug problem, substantial evidence supports the district court's finding that she neglected the children because she has failed to provide them with proper parental care by reason of her faults or habits. NRS 128.014(1); *In re N.J.*, 125 Nev. 835, 844-45, 221 P.3d 1255, 1262 (2009). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Frank P. Sullivan, District Judge, Family Court Division
Autumn H.
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk